SCHOTT, Judge.
This is an appeal by plaintiff, Mrs. Genevieve Dombroski, from an adverse judgment in an action for property damage to her automobile.
On October 22, 1970, at 8:00 o’clock in the morning plaintiff, proceeding down Louisiana Highway 23, attempted to make a left turn onto Ravenna Road. At the same time defendant, Willie Sauage, driving a large tractor trailer in the same direction, attempted to pass plaintiff on the left. The resulting collision is the basis for this suit.
No written reasons were given by the trial judge but in dismissing plaintiffs suit he necessarily found either that defendant had committed no act of negligence which was a proximate cause of the accident, or that plaintiff was contributorily negligent and thereby barred from recovery.
If the record reveals that plaintiff was guilty of contributory negligence and that this was a proximate cause of the accident, it does not matter whether defendant was negligent or not. For that reason, we have addressed ourselves to the question of contributory negligence which is dispositive of the case in the final analysis.
At the point of the accident Highway 23 consists of two lanes, one for southbound and one for northbound traffic. Plaintiff testified that she had been driving at 50 or 55 miles per hour in the southbound lane and on approaching the intersection with Ravenna Road she slowed a bit, looked in the rearview mirror and put on her left turn indicator blinker. When she looked in the rearview mirror she saw defendant’s truck directly behind her in the southbound lane,, and as she got to the intersection there was nothing coming toward her, she looked in the rearview mirror and defendant’s truck was still in that lane. She looked through her sideview mirror and there wasn’t anything showing, so she started to turn. She testified that she had completed her turn and almost the whole car was on Ravenna Road when it was hit by defendant’s truck. This testimony was substantially corroborated by her two guest passengers who testified at the trial.
On the other hand, defendant testified that he was driving a large tandem truck and trailer about 52 feet in length and weighing approximately 39,000 pounds, following plaintiff’s vehicle. Just after he came out of a curve and while the highway was clear ahead of him, he picked up speed and got into his left lane in order to pass plaintiff. By the time the front end of his vehicle was beside plaintiff’s automobile she started her turn and her automobile hit the side of his truck. He denied having seen any signals from plaintiff of her intention to turn before he started to pass.
There is no dispute but that after the accident the truck and the automobile came to rest side by side on their left side of the highway past Ravenna Road with the truck to the left of the automobile.
Apparently the trial court did not accept plaintiff’s version of how this accident happened, nor can we do so since it does not seem plausible that her automobile could have been struck broadside by defendant’s .huge vehicle with the result that her vehicle came to rest in the place that it did and with relatively slight damage to it. More important, the record is clear to the effect that the impact had to occur almost immediately after she commenced her turn. Although she testified that she checked her rearview mirror and her sideview mirror, since the collision did in fact occur it follows that the truck was there and she failed to see it.
LSA-R.S. 32 ¡KM[1] requires two duties of the driver making a left turn, one that of *917 not turning from a direct course unless the movement can be made with safety, and the other that of giving a signal of intention to turn. The record shows that she failed to observe the first of these duties.
Since we hold that plaintiff was negligent, which precludes her recovery, we need not determine whether defendant was negligent or not.
The judgment is affirmed.
Affirmed.

. “A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct
course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
“B. Whenever a person intends to make a right or left turn which will .take his vehicle from the highway it is then trav *917 eling, he shall give a signal of such intention in the manner'described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning.”